

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/28/2026___

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

April 27, 2026

**<u>Via ECF</u>**
Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Plaintiffs are directed to respond to Defendants' request for a pre-motion conference on or before May 7, 2026.
Dated: April 28, 2026
    White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

Re:    <u>*Goldberger, et al. v. James, et al.*</u>, 26 Civ. 2325 (NSR)

Dear Judge Román:

This Office represents Defendant New York State Attorney General Letitia James ("Attorney General James"), who is sued in her official capacity in the above-referenced action. Attorney General James writes, pursuant to the Court's Individual Rules of Practice, to respectfully request a pre-motion conference to discuss the proposed motion to dismiss all claims against her.

Plaintiffs Firearms Policy Coalition, Inc. ("FPC") and Yehuda Goldberger (collectively "Plaintiffs") claim that New York Penal Law § 265.01-e(2)(t), which bans the possession of firearms, rifles, and shotguns in Times Square ("Times Square Law"), violates the Second and Fourteenth Amendments. (Dkt. No. 1). As such, Plaintiffs seek, in relevant part, a declaratory judgment that the Times Square Law infringes upon Plaintiffs' right to bear arms, as well as injunctive relief restraining enforcement of the Times Square Law. *Id*.

Attorney General James seeks dismissal pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) on the grounds that she is not a proper party, and neither FPC nor Mr. Goldberger have standing to assert their claims. Additionally, Attorney General James seeks to stay this action pending a decision on her anticipated motion pursuant to Fed. R. Civ. P. 26(c).

### I.   <u>Attorney General James Is Not a Proper Party to This Case</u>

The ability to sue state officers in their official capacities for an ongoing violation of federal law only applies where the state official sued "has some connection with the enforcement of the [allegedly unconstitutional] act." *Ex parte Young*, 209 U.S. 123, 157 (1908). Here, Plaintiffs fail to plead facts showing that Attorney General James has any connection with the Times Square Law sufficient to implicate the *Ex parte Young* exception to Eleventh Amendment state immunity. In fact, courts in this Circuit have expressly held that the Attorney General is not a proper party to actions challenging other subsections of the sensitive locations law. *See Goldstein v. Hochul*, 680 F. Supp. 3d 370, 385 (S.D.N.Y. 2023) ("the Attorney General's general duty to enforce the laws is not sufficient to make her a proper party in a suit challenging a state statute."). Moreover, Plaintiffs' reliance on New York Executive Law § 63 in their Complaint is of no moment as

**MEMO ENDORSED**

Hon. Nelson S. Román
April 27, 2026

Attorney General James does not have a particular duty to enforce the Times Square Law, nor have Plaintiffs alleged that she has enforced or intends to enforce the challenged statute. *See e.g.*, *id.*, at 385; *HealthNow New York, Inc. v. New York*, 739 F. Supp. 2d 286, 295 (W.D.N.Y. 2010), *aff'd*, 448 F. App'x 79 (2d Cir. 2011); *Chrysafis v. James*, 534 F. Supp. 3d 272 (E.D.N.Y. 2021). Accordingly, Attorney General James is shielded by Eleventh Amendment immunity and the claims against her should be dismissed.

## II.    Plaintiffs Lack Standing to Sue

Standing is "the threshold question in every federal case." *Warth v. Sedin*, 422 U.S. 490, 498 (1975). In order to have standing in federal court, a plaintiff must show (1) injury in fact, which is a "concrete and particularized" harm to a "legally protected interest"; (2) causation in the form of a "fairly traceable" connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy causation for standing purposes, the plaintiff must "establish that the plaintiff's injury likely was caused or likely will be caused by the defendant's conduct." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 382 (2024).

### A.  FPC Lacks Standing

FPC claims that its inclusion as a named plaintiff serves to protect interests "germane to the organization's purposes, and, therefore, FPC sues on behalf of its members, including Plaintiff Goldberger herein." (Dkt. No. 1, ¶ 9). However, it is well settled in this Circuit that "an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983, as [this Circuit] has interpret[ed] the rights [§ 1983] secures to be personal to those purportedly injured." *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) (internal quotations omitted). In *Nnebe*, the Court emphasized its decision in *League of Women Voters of Nassau Cnty. v. Nassau Cnty. Bd. of Sup'rs*, 737 F.2d 155 (2d Cir. 1984), wherein it held that "[t]his Circuit has restricted organizational standing under § 1983 by interpreting the rights it secures to be personal to those purportedly injured." *See Nnebe*, 644 F.3d at 156. Since then, the Southern District has repeatedly affirmed the rule articulated in *Nnebe*. *See Rodriguez v. Winski*, 444 F. Supp. 3d 488, 497 (S.D.N.Y. 2020); *Hulinsky v. Cnty. of Westchester*, 670 F. Supp. 3d 100, 110 (S.D.N.Y. 2023), *aff'd sub nom. 40 Days for Life v. Cnty. of Westchester*, No. 23-804-CV, 2024 WL 2813930 (2d Cir. June 3, 2024).

Although FPC acknowledges this decision, it claims that it is "erroneous, particularly in light of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023).'" (Dkt. No. 1, ¶ 10). However, the Supreme Court's decision in *Students for Fair Admissions* does not extend to § 1983 actions—such as this one—where Plaintiffs' requested relief requires the participation of FPC's members. *See New York State Firearms Ass'n v. James*, No. 23-CV-6524, 2024 WL 1932050, \*3 (W.D.N.Y. May 2, 2024), *aff'd & remanded*, 157 F.4th 232 (2d Cir. 2025).

Finally, FPC has not cured its lack of representational standing, as found by the Second Circuit in *Antonyuk v. Chiumento*, a similar 42 U.S.C. § 1983 action challenging the constitutionality of, in relevant part, New York's sensitive locations restrictions. 89 F.4th 271, 344

(2d Cir. 2023). In *Antonyuk*, FPC, along with the Second Amendment Foundation, "premised their representational standing solely on the two named Plaintiffs, without adding supporting declarations from other members." *Id*. The Second Circuit held that this was fatal to their representational standing. *Id*.[1] The FPC likewise lacks standing in this action.

### B. Mr. Goldberger Lacks Standing

While not suffering the same standing infirmities as FPC, Mr. Goldberger also lacks standing to sue because he fails to link his alleged injuries to any specific action or conduct by Attorney General James. As argued, *supra*, a general duty to enforce the law, by itself, is insufficient for liability to attach. Therefore, Mr. Goldberger's alleged injury is not traceable to the challenged action of the Attorney General. *Lujan*, 504 U.S. 555 at 560-61.

### III.  Discovery Should Be Stayed Pending Resolution of Attorney General James' Motion

Pursuant to Fed. R. Civ. P. 26(c) "a court has discretion to stay discovery for good cause," which can be shown "where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Boelter v. Hearst Commc'ns, Inc.*, No. 15-CV-03934, 2016 WL 361554, *4 (S.D.N.Y. Jan. 28, 2016). Here, Attorney General James seeks to file a dispositive motion for dismissal based on strong arguments which have been repeatedly affirmed within this Circuit. Thus, "ordering discovery to proceed at this time would result in an excessive burden on" Attorney General James. *Id*. at *5. By contrast, no party to this action will be prejudiced if the matter is stayed during the pendency of the motion.

I thank the Court for its attention to this matter.

Respectfully,

/s/ Daniel Luedtke
Daniel Luedtke
Assistant Attorney General
(212) 416-8213
daniel.luedtke@ag.ny.gov

cc:    Via ECF
       ALFONSO GAMBOA, ESQ.
       WILLIAM BERGSTROM, ESQ.
       PETER PATTERSON, ESQ.
       Cooper & Kirk, PLLC
       *Attorneys for Plaintiffs*

---

[1] *Antonyuk v. Chiumento* consisted of four separate cases decided together. This holding came about in the appeal from *Hardaway v. Nigrelli*, 639 F. Supp. 3d 422, n. 4 (W.D.N.Y. 2022), through which the Second Circuit affirmed FPC's lack of representational standing. The Second Circuit's holding regarding FPC's standing in *Hardaway* was not disturbed by *Antonyuk*'s subsequent procedural history: only the plaintiffs in *Antonyuk*, which did not involve FPC, sought certiorari regarding the Second Circuit's decision, and the issues before the Second Circuit on remand concerned neither FPC nor representational standing. *See generally Antonyuk v. James*, 120 F.4th 941, 955 n.3 (2d Cir. 2024) ("We therefore have no occasion to revisit our prior consolidated opinion as it relates in those cases, and our discussion of those issues remains good law in the Circuit."), *cert. denied*, 145 S. Ct. 1900, 221 L. Ed. 2d 646 (2025).

Hon. Nelson S. Román                                                   Page 4 of 4
April 27, 2026

NICHOLAS CIAPPETTA, ESQ.
New York City Law Department
*Attorney for Defendant Jessica Tisch*