USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/8/2026__

# Cooper & Kirk

### Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Peter A. Patterson
(202) 220-9600
ppatterson@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

MEMO ENDORSED

May 7, 2026

Via ECF
Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:    *Goldberger v. James*, No. 26-cv-2325 (NSR)

Dear Judge Román:

Plaintiffs write, pursuant to this Court's Individual Rules of Practice, in response to Defendant Attorney General Letitia James' letter requesting a pre-motion conference regarding her intended motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

### I. Attorney General James Is a Proper Defendant Under *Ex parte Young*.

The Attorney General argues she should not be a party to this suit because she lacks "some connection [to] the enforcement of the act" challenged by Plaintiffs. *Ex parte Young*, 209 U.S. 123, 157 (1908); *see* Ltr. at 1, Doc. 23 (Apr. 27, 2026). But the Attorney General has direct authority to enforce the ban on carrying firearms in Times Square because, under New York Executive Law § 63(2), the Attorney General is empowered, "[w]henever required by the governor" to "exercise all the powers and perform all the duties … which the district attorney would otherwise be authorized or required to exercise or perform[.]" In such a case, the district attorney is effectively demoted and "shall only exercise such powers and perform such duties as are required of him by the attorney-general." *Id.* This power includes exercising the authority a district attorney has "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county in which he serves." *People v. Di Falco*, 44 N.Y.2d 482, 486 (N.Y. Ct. App. 1978).

The Attorney General responds that (1) "courts in this Circuit have expressly held that the Attorney General is not a proper party to actions challenging other subsections of the sensitive locations law" in which the Times Square ban is found, Ltr. at 1 (citing *Goldstein v. Hochul*, 680 F. Supp. 3d 370, 385 (S.D.N.Y. 2023)), and (2) the Attorney General lacks "a particular duty to enforce the Times Square Law" and Plaintiffs have not "alleged that she has enforced or intends to enforce" it, Ltr. at 2.

First, while *Goldstein* did hold that the Attorney General was not a proper defendant based on her "general duty to execute the laws," 680 F. Supp. 3d at 384–85, it made no mention of her authority under Section 63(2). Here, an injunction could properly run against the Attorney General

Hon. Nelson S. Román
May 7, 2026
Page 2 of 3

if it forbids her from exercising her authority under Section 63(2) to enforce the Times Square Ban.

Second, although the Second Circuit has previously rejected inclusion of the Attorney General as a defendant in a pre-enforcement challenge based on another subsection of Section 63 on the grounds that the plaintiff could "[]not establish that the Attorney General is threatening to use his section 63(12) authority against it," in that case the court noted both that "the Attorney General has denied his office intends to use section 63(12) against" the plaintiff *and* the plaintiff had "not alleg[ed] it would engage in any actions that would reasonably prompt the use of section 63(12)." *HealthNow N.Y., Inc. v. New York*, 448 F. App'x 79, 81 (2d Cir. 2011) (summary order). Neither condition applies here. Plaintiffs have alleged an intention and desire to act in a way that is directly contrary to the Times Square Ban. *See* Compl. ¶¶ 32–34, Doc. 1 (Mar. 20, 2026). And although the Attorney General claims she has no "particular duty to enforce the Times Square law" she has not disclaimed enforcement through Section 63. Ltr. at 2. "The threat of prosecution is generally credible where the defendant 'has not disavowed any intention of invoking' the statute against the plaintiff." *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 110 (10th Cir. 2024) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979)). Indeed, the Attorney General has touted her defense of the law. *See Attorney General James Successfully Defends New York's Laws Keeping Guns Out of Times Square and Public Transit*, OFF. OF THE N.Y. ATT'Y GEN. (Sep. 19, 2025), https://perma.cc/5ERE-R7B3. As the Second Circuit has explained, "[t]he credible-threat standard 'sets a low threshold and is quite forgiving to plaintiffs seeking such preenforcement review, as courts are generally willing to presume that the government will enforce the law as long as the relevant statute is recent and not moribund.'" *Vitagliano v. County of Westchester*, 71 F.4th 130, 138 (2d Cir. 2023) (quoting *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016)). That suffices to establish standing against the Attorney General here.

## II. Plaintiffs Have Standing.

As long as one plaintiff has standing to sue the Attorney General, then she is properly a party to this suit. *See Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 434 (2017). The Attorney General's redressability argument directed at Plaintiff Goldberger is entirely duplicative of her proper defendant argument addressed above. *See* Ltr. at 3. As noted above, that argument is incorrect. The Attorney General is therefore, at least, a proper party in a suit brought by Mr. Goldberger and this Court need go no further to deny the motion. *See Heeter v. James*, No. 24-cv-623-JLS, 2024 WL 4729246, at *4 (W.D.N.Y. Nov. 8, 2024).

FPC, however, also has standing against the Attorney General on two sufficient grounds. First, FPC has standing under Section 1983 to bring suit on behalf of its members. As Plaintiffs acknowledged in their complaint, and as the Attorney General points out, the Second Circuit has previously held "that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983." *Nnebe v. Daus*, 644 F.3d 147, 156 (2d. Cir. 2011). The Second Circuit is alone in a very lopsided circuit split on this issue. *See, e.g.*, *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 123 & n.6 (2d Cir. 2017) (Jacobs, J., dissenting) (collecting cases).

Hon. Nelson S. Román
May 7, 2026
Page 3 of 3

Plaintiffs believe the line of Second Circuit precedent that runs through *Nnebe* is incorrect and, moreover, has been supplanted by the Supreme Court's recent decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023). The plaintiffs in *SFFA* were held to have associational standing by the Supreme Court and they brought their claims on behalf of their members under 42 U.S.C. § 2000d, which, like Section 1983, encompasses any "person in the United States" who meets the statutory criteria. The Second Circuit has so far not addressed this argument. *See Conn. Citizens Def. League, Inc. v. Thody*, No. 23-cv-724, 2024 WL 177707, at *3 n.3 (2d Cir. Jan. 17, 2024) (declining to address this argument). In response to this argument, the Attorney General argues that *SFFA* does not apply here because "Plaintiffs' requested relief requires the participation of FPC's members." Ltr. at 2. But that is not responsive to Plaintiffs' argument—the Second Circuit is alone in holding that Section 1983 claims require individual participation, and *SFFA* shows that it is wrong to do so.

In any event, FPC also has standing to sue on behalf of its members directly under *Ex parte Young*. *See* Compl. ¶ 11. In *Ex parte Young*, the Supreme Court held that federal courts have authority to grant injunctive relief against a state official who has "some connection [to] the enforcement of [an allegedly unconstitutional] act." 209 U.S. at 157. *Ex parte Young* recognized an entirely different avenue to judicial review of unconstitutional state action where the relief sought is prospective relief that is inherent in the equity jurisdiction of the federal courts. *Armstrong v. Exceptional Child Care Ctr., Inc.*, 575 U.S. 320, 326-27 (2015). The Second Circuit's objection to associational standing in the Section 1983 context is based on the statutory text. *See Knife Rts., Inc. v. Vance*, 802 F.3d 377, 388 n.9 (2d Cir. 2015). It has not held that organizations lack Article III standing to vindicate the interests of their members in other contexts (and it would be clearly contrary to Supreme Court precedent to do so).

### III. This Case Should Not Be Stayed Pending Resolution of this Motion.

There is no reason to stay this case pending resolution of the Attorney General's motion. Discovery will not be a burden on the Attorney General because, in a case like this one that raises an effectively purely legal issue, the types of facts that are relevant to the constitutionality of the Times Square Ban are not the types of facts that are typically found through discovery. *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012).

The Court waives the pre-motion conference requirement and grants Defendant Attorney General James leave to file an anticipated motion to dismiss the Complaint in accordance with the following briefing schedule:

(1) Defendant's motion papers shall be served (not filed) on June 22, 2026;
(2) Plaintiff's opposition papers shall be served (not filed) on July 22, 2026; and
(3) Defendant's reply papers shall be served on August 5, 2026.

The parties are directed to file all motion documents on the reply date, August 5, 2026. The parties are further directed to mail two physical copies and email an electronic copy to Chambers of motion documents as they are served. This action is STAYED pending resolution of Defendants' anticipated motion to dismiss. The Clerk of Court is kindly directed to terminate the motion at ECF No. 23.
Dated: May 8, 2026
White Plains, New York

Respectfully,

*/s/ Peter A. Patterson*
Peter A. Patterson
William V. Bergstrom
Alfonso Gamboa
Cooper & Kirk, PLLC
ppatterson@cooperkirk.com
(202) 220-9600

SO ORDERED:

NELSON S. ROMÁN
United States District Judge