UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

YEHUDA GOLDBERGER, ANTHONY PALMA, and
FIREARMS POLICY COALITION, INC.,

                         Plaintiffs,

                -against-

LETITIA JAMES, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF NEW YORK, STEVEN G.
JAMES, IN HIS OFFICIAL CAPACITY AS
SUPERINTENDENT OF THE NEW YORK STATE
POLICE, JESSICA TISCH, IN HER OFFICIAL
CAPACITY AS NEW YORK CITY POLICE
COMMISSIONER, and ALVIN BRAGG, IN HIS
OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR
NEW YORK COUNTY,

                       Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE
AMENDED COMPLAINT**

26 Civ. 02325 (NSR)

       Defendant Jessica Tisch, in her official capacity as the Commissioner of the New York City Police Department (hereinafter referred to as "City Defendant"), by her attorney, Steven Banks, Corporation Counsel of the City of New York, for her Answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

       1.     Neither admits nor denies the allegations set forth in paragraph "1" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required; however, should the Court deem a response necessary, denies the allegations and respectfully refers the Court to the Second Amendment to the United States Constitution, District of Columbia v. Heller, 554 U.S. 570 (2008), and McDonald v. City of Chicago, Ill., 561 U.S. 742 (2010), for their full text and true meaning.

2.      Neither admits nor denies the allegations set forth in paragraph "2" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required; however, should the Court deem a response necessary, denies the allegations, and respectfully refers the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

3.      Denies the allegations set forth in paragraph "3" of the Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that City Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admits that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly known as Times Square, and respectfully refers the Court to N.Y. Penal Law ("Penal Law") § 265.01-e(2)(t) and New York City Administrative Code ("Admin. Code") § 10-315(a) for their full text and true meaning.

4.      Denies the allegations set forth in paragraph "4" of the Amended Complaint and respectfully refers the Court to the cases cited by Plaintiffs therein for their full text and true meaning.

5.      Denies the allegations set forth in paragraph "5" of the Amended Complaint and respectfully refers the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

6.      Denies the allegations set forth in paragraph "6" of the Amended Complaint.

7.      Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that Plaintiffs purport to proceed as set forth therein and seek relief that is contrary to the holding in Frey v. City of New York, et al., 157 F.4th 118 (2d Cir. 2025),

2

and City Defendant further refers the Court to the decision in <u>Frey v. City of New York, et al.</u>, 157 F.4th 118 (2d Cir. 2025), for its full text and true meaning.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint regarding Plaintiff Yehuda Goldberger's age, citizenship status, residency location, and whether Plaintiff Goldberger is a law-abiding and responsible gun owner, except admits that the City of New York issued Plaintiff Goldberger a special carry license pursuant to Penal Law § 400.00(6).

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Amended Complaint, except denies that Plaintiff Firearms Policy Coalition, Inc. ("FPC") has standing to maintain this action, and further denies that FPC's members "are adversely and directly harmed by Defendants' enforcement of the Times Square Ban," as alleged in this paragraph.

11.      Neither admits nor denies the allegations set forth in paragraph "11" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required; however, should the Court deem a response necessary, denies the allegations and respectfully refers the Court to the cases cited by Plaintiffs therein for their full text and true meaning.

12.      Denies the allegations set forth in paragraph "12" of the Amended Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

13.       Neither admits nor denies the allegations set forth in paragraph "13" of the Amended Complaint as they concern Defendant Letitia James, the Attorney General of the

3

State of New York, who is not represented by the Corporation Counsel of the City of New York, except admits that Plaintiffs purport to sue Letitia James in her official capacity.

14. Neither admits nor denies the allegations set forth in paragraph "14" of the Amended Complaint as they concern Defendant Steven G. James, the Superintendent of the New York State Police, who is not represented by the Corporation Counsel of the City of New York, except admits that Plaintiffs purport to sue Steven G. James in his official capacity.

15. Denies the allegations set forth in paragraph "15" of the Amended Complaint, except admits that: Jessica Tisch is the current Commissioner of the New York City Police Department; pursuant to Penal Law § 265.00(10), the Commissioner of the New York City Police Department is the firearm licensing officer for the City of New York; and further admits that Jessica Tisch has the powers and duties set forth in Chapter 18 of the New York City Charter.

16. Neither admits nor denies the allegations set forth in paragraph "16" of the Amended Complaint as they concern Defendant Alvin Bragg, the New York County District Attorney, who is not represented by the Corporation Counsel of the City of New York in this action, except admits that Plaintiffs purport to sue Alvin Bragg in his official capacity.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

18. Denies the allegations set forth in paragraph "18" of the Amended Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

19. Denies the allegations set forth in paragraph "19" of the Amended Complaint, except admits that Plaintiffs purport to base venue as set forth therein.

20.  Neither admits nor denies the allegations set forth in paragraph "20" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required; however, should the Court deem a response necessary, denies the allegations, and respectfully refers the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

21.  Neither admits nor denies the allegations set forth in paragraph "21" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required; however, should the Court deem a response necessary, denies the allegations and respectfully refers the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

22.  Neither admits nor denies the allegations set forth in paragraph "22" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required; however, should the Court deem a response necessary, denies the allegations and respectfully refers the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

23.  Denies the allegations set forth in paragraph "23" of the Amended Complaint, and respectfully refers the Court to Penal Law §§ 265.01-e(1) and 265.01-e(2)(t) for their full text and meaning.

24.  Denies the allegations set forth in paragraph "24" of the Amended Complaint, and respectfully refers the Court to Penal Law § 265.01-e(2)(t) and Admin. Code § 10-315(a) for their full text and true meaning.

25. Denies the allegations set forth in paragraph "25" of the Amended Complaint, and respectfully refers the Court to Penal Law §§ 70.00(2)(e) & 3(b), 80.00(1), and 265.01-e for their full text and true meaning.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint, and respectfully refers the Court to Penal Law § 265.01(9) and Title 18 United States Code ("U.S.C.") § 922(g)(1) for their full text and true meaning.

27. Denies the allegations set forth in paragraph "27" of the Amended Complaint, and respectfully refers the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

28. Neither admits nor denies the allegations set forth in paragraph "28" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required; however, should the Court deem a response necessary, denies the allegations and respectfully refers the Court to the cases and sources cited by Plaintiffs therein for their full text and true meaning.

29. Denies the allegations set forth in paragraph "29" of the Amended Complaint, and respectfully refers the Court to the case cited therein for its full text and true meaning.

30. Denies the allegations set forth in paragraph "30" of the Amended Complaint, and respectfully refers the Court to the articles and documents cited therein for their full text and true meaning.

31. Denies the allegations set forth in paragraph "31" of the Amended Complaint, and respectfully refers the Court to the articles and documents cited therein for their full text and true meaning.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that City Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admits that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly known as Times Square.

33. Denies the allegations set forth in paragraph "33" of the Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint, except admits that the City of New York issued Plaintiff Goldberger a special carry license pursuant to Penal Law § 400.00(6).

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint as to Plaintiff Goldberger's job title, whether his work requires that he travel through Times Square, and the number of times per year he allegedly visits Times Square; and further denies the remaining allegations set forth in paragraph "33" of the Complaint, except admits that Penal Law § 265.01-e(2)(t) prohibits the carrying of firearms in Times Square.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Amended Complaint as the reasons why Plaintiff Palma has not applied for a New York City license.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Amended Complaint.

40.     In response to the allegations set forth in paragraph "40" of the Amended Complaint, City Defendant repeats and realleges all the preceding paragraphs of this Answer, as if fully set forth herein.

41.     Denies the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Amended Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Amended Complaint, and respectfully refers the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

44.     Denies that Plaintiffs are entitled to the relief set forth in the "Wherefore" Clause.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Amended Complaint fails to state a claim upon which relief can be granted, and Plaintiffs' claims are barred by Second Circuit precedent in Frey v. City of New York, et al., 157 F.4th 118 (2d Cir. 2025).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. City Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. The challenged laws are constitutional, valid and enforceable in all respects.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. Plaintiffs lack standing with respect to some or all of their claims and requests for relief.

**WHEREFORE,** City Defendant requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                June 1, 2026

                                    STEVEN BANKS
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for City Defendant
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-4036

                                    By:  _____/s/_____
                                         Nicholas R. Ciappetta
                                         Rachel K. Moston
                                         Assistant Corporation Counsels

9