**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YEHUDA GOLDBERGER, ANTHONY PALMA, and FIREARMS POLICY COALITION, INC., <br><br>                Plaintiffs, <br><br>   -against- <br><br> LETITIA JAMES ET AL., <br><br>                Defendants. | No. 26-cv-2325 (NSR) |

## ANSWER TO AMENDED COMPLAINT

Defendant Alvin L. Bragg, Jr., District Attorney for New York County, by and through his attorneys Catherine Suvari and Siobhan Underwood, answers the correspondingly numbered paragraphs of Plaintiffs' Amended Complaint as follows:

### INTRODUCTION

1. Neither admits nor denies the allegations set forth in paragraph 1 of the Amended Complaint, as they constitute conclusions of law rather than averments of fact to which no response Defendant respectfully refers the Court to the Second Amendment to the United States Constitution, *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago, I11.*, 561 U.S. 742 (2010). for a complete and accurate statement of their full text and true meaning.

2. Neither admits nor denies the allegations set forth in paragraph 2 of the Amended Complaint, as they constitute conclusions of law rather than averments of fact to

which no response Defendant respectfully refers the Court to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), for its full text and true meaning.

3. Denies the allegations set forth in paragraph 3 of the Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that Defendant has acted unlawfully or violated Plaintiffs' constitutional rights, except admits that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly known as "Times Square". To the extent this paragraph seeks to characterize N.Y. Penal Law § 265.01-e(2)(t) and N.Y.C. Admin. Code § 10-315(a), defendant respectfully refers the Court to the text of those provisions for a complete and accurate statement of their full text and true meaning.

4. The allegations contained in paragraph 4 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations set forth in paragraph 4 of the Amended Complaint and respectfully refers the Court to the cases cited by Plaintiffs therein for their full text and true meaning.

5. The allegations contained in paragraph 5 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), for its full text and true meaning.

6. The allegations contained in paragraph 6 of the Amended Complaint constitute legal conclusions and Plaintiffs' characterization of their lawsuit, to which no response is

required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations set forth in paragraph 6 of the Amended Complaint.

7.      The allegations contained in paragraph 7 of the Amended Complaint constitute legal conclusions and Plaintiffs' characterization of their lawsuit, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations set forth in paragraph 7 of the Amended Complaint, except admits that the holding in *Frey v. City of New York, et al.*, 157 F.4th 118 (2d Cir. 2025) is contrary to the relief plaintiffs now seek.

### PARTIES

8.      Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 8 of the Amended Complaint. If, however, the Court deems an answer is necessary, defendant denies having sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph regarding Plaintiff Yehuda Goldberger's age, residency location, citizenship status, firearm license status, and whether Plaintiff Goldberger is a law-abiding gun owner.

9.      Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 9 of the Amended Complaint.

10.      Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 10 of the Amended Complaint, except that Defendant denies Plaintiff Firearms Policy Coalition, Inc. ("FPC") has standing to maintain

this action and further denies that FPC members "are adversely and directly harmed by Defendants' enforcement of the Times Square Ban,".

11.    The allegations contained in paragraph 11 of the Amended Complaint constitute legal conclusions and Plaintiff Firearms Policy Coalition, Inc.'s characterization of its standing to assert claims against Defendant, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to the cases cited by Plaintiffs therein for their full text and true meaning.

12.    The allegations contained in paragraph 12 of the Amended Complaint constitute legal conclusions and Plaintiff Firearms Policy Coalition, Inc.'s characterization of its standing to assert claims against Defendant, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations in this paragraph, except that Defendant admits that Plaintiffs purport to proceed in this action as set forth therein.

13.    Defendant admits that Defendant Letitia James is the Attorney General of the State of New York and that her official address is at the New York State Office of the Attorney General, The Capitol, Albany, New York 12224. The remaining allegations set forth in paragraph 13 of the Amended Complaint constitute legal conclusions and Plaintiffs' characterization of their lawsuit and Defendant James's role as Attorney General, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant neither admits nor denies the remaining allegations as they concern Defendant Letitia James who is not represented by the

New York County District Attorney's Office, except that Defendant admits Plaintiffs purport to sue Letitia James in her official capacity.

14.     Defendant admits that Steven G. James is the Superintendent of the New York State Police and that his official address is located at the New York State Police Headquarters at 1220 Washington Avenue, Building 22, Albany, New York 12226. To the extent that this paragraph seeks to characterize Section 223 of New York Executive Law, Defendant respectfully refers the Court to the text of that provision for a complete and accurate statement of its contents. The remaining allegations set forth in paragraph 14 of the Amended Complaint constitute legal conclusions and Plaintiffs' characterization of their lawsuit and Defendant James's role as Superintendent, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant neither admits nor denies the remaining allegations as they concern Defendant Steven G. James, the Superintendent of the New York State Police, who is not represented by the New York County District Attorney's Office, except that Defendant admits that Plaintiffs purport to sue Steven G. James in his official capacity.

15.     Defendant admits that Defendant Jessica Tisch is the Police Commissioner of the City of New York and that her official address is at the New York City Police Department, One Police Plaza, New York, New York 10038. To the extent this paragraph seeks to characterize Section 434(b) of the New York City Charter, Defendant respectfully refers the Court to the text of that provision for a complete and accurate statement of its contents. The remaining allegations set forth in paragraph 15 of the Amended Complaint constitute legal conclusions and Plaintiffs' characterization of their lawsuit and Defendant Tisch's role as

Police Commissioner, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant neither admits nor denies the remaining allegations as they concern Defendant Jessica Tisch, the current Commissioner of the New York City Police Department, who is not represented by the New York County District Attorney's Office, except that Defendant admits that Plaintiffs purport to sue Defendant Jessica Tisch in her official capacity.

16.    Defendant admits that he is the District Attorney for New York County and that his official address is One Hogan Place, New York, New York 10013. To the extent this paragraph seeks to characterize Section 700(1) of the New York County Law, Defendant respectfully refers the Court to the text of that provision for a complete and accurate statement of its contents. The remaining allegations set forth in paragraph 16 of the Amended Complaint constitute Plaintiffs' characterization of Defendant's role as District Attorney, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations, except admits that Plaintiffs purport to sue Defendant in his official capacity.

## JURISDICTION AND VENUE

17.    The allegations contained in paragraph 17 of the Amended Complaint constitute legal conclusions and Plaintiffs' characterization of their lawsuit, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary Defendant denies the allegations, except admits that Plaintiffs purport to proceed as set forth therein.

18.     The allegations contained in paragraph 18 of the Amended Complaint constitute legal conclusions and Plaintiffs' characterization of their lawsuit, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations, except admits that Plaintiffs purport to proceed as set forth therein.

19.     The allegations contained in paragraph 19 of the Amended Complaint constitute legal conclusions and Plaintiffs' characterization of their lawsuit, to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations, except admits that Plaintiffs purport to proceed as set forth therein.

### FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

20.     The allegations contained in paragraph 20 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), for its full text and true meaning.

21.     The allegations contained in paragraph 21 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), for its full text and true meaning.

22.     The allegations contained in paragraph 22 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), for its full text and true meaning.

23.     Defendant admits that N.Y. Penal Law § 265.01-e prohibits the possession of a firearm "in or upon a sensitive location" if "such person knows or reasonably should know such location is a sensitive location." Defendant further admits that N.Y. Penal Law § 265.01-e designates "the area commonly known as Times Square" as a sensitive location at § 265.01-e(2)(t). The remaining allegations contained in paragraph 23 of the Amended Complaint constitute Plaintiffs' characterization of these provisions, to which no response is required If, however, the Court construes the remaining allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the remaining allegations.

24.     Defendant admits that the New York City Administrative Code defines the Times Square sensitive location zone as "the following tract in Manhattan, bounded and described as follows:

> (i) BEGINNING at the point of intersection of the north side of West Forty-eighth Street and the west side of Ninth Avenue; (ii) thence southerly along the west side of Ninth Avenue to the point of intersection where the west side of Ninth Avenue meets the south side of West Fortieth Street; (iii) thence easterly along the south side of West Fortieth Street to the point of intersection where the south side of West Fortieth Street meets the east side of Sixth Avenue; (iv) thence northerly along the east side of Sixth Avenue to the point of intersection where the east side of Sixth Avenue meets the north side of West Fifty-third Street; (v) thence westerly along the northern side of West Fifty-third Street to the point of intersection where the north side of West Fifty-third Street meets the west side of Eighth Avenue; (vi) thence southerly along the west side of Eighth Avenue to the point of intersection where the west side of Eighth

8

Avenue meets the north side of West Forty-eighth Street; and (vii) thence westerly along the north side of West Forty-eighth Street until the point of intersection where the north side of West Forty-eighth Street meets the west side of Ninth Avenue (the point of beginning). Where the area described in this subdivision is bounded and described by a side of a street or avenue, it shall be deemed to include the sidewalk of such side. For the purposes of paragraph (t) of subdivision 2 of section 265.01-e of the penal law, the area commonly known as Times Square does not include the interior of any building or other enclosed structure; provided, however, that such a building or structure may otherwise constitute a restricted or sensitive location pursuant to section 265.01-d or 265.01-e of the penal law."

The remaining allegations contained in paragraph 24 of the Amended Complaint constitute Plaintiffs' characterization of the above definition, to which no response is required. If, however, the Court construes the remaining allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to Penal Law § 265.01-e(2)(t) and Admin. Code § 10-315(a) for their full text and true meaning.

25.     Defendant admits that criminal possession of a firearm, rifle or shotgun in a sensitive location in violation of N.Y. Penal Law § 265.01-e is a class E felony.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required. If, however, the Court construes the remaining allegations in paragraph 25 of the Amended Complaint as averments of facts and deems an answer necessary, Defendant denies the remaining allegations and respectfully refers the Court to Penal Law §§ 70.00(2)(e) & 3(b), 80.00(1), and 265.01-e for their full text and true meaning.

26.     The allegations contained in paragraph 26 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary,

Defendant denies the allegations and respectfully refers the Court to Penal Law § 265.01(9) and Title 18 United States Code ("U.S.C.") § 922(g)(1) for their full text and true meaning.

27.    The allegations contained in paragraph 27 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), for its full text and true meaning.

28.    The allegations contained in paragraph 28 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to the cases and sources cited therein for their full text and true meaning.

29.    The allegations contained in paragraph 29 of the Amended Complaint constitute Plaintiffs' characterization of Times Square and legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to the cases cited therein for their full text and true meaning.

30.    The allegations contained in paragraph 30 of the Amended Complaint constitute Plaintiffs' characterization of the documents cited therein and legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the

allegations and respectfully refers the Court to the case cited therein for its full text and true meaning.

31.     The allegations contained in paragraph 31 of the Amended Complaint constitute Plaintiffs' characterization of the documents cited therein and legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of facts and deems an answer necessary, Defendant denies the allegations and respectfully refers the Court to the articles and documents cited therein for their full text and true meaning.

32.     The allegations contained in paragraph 32 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of fact and deems a response necessary, Defendant denies the allegations insofar as they allege the laws Plaintiffs challenge are unconstitutional or that Defendant acted unlawfully or violated Plaintiffs' constitutional rights, except that Defendant admits that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly referred to as Times Square.

33.     The allegations contained in paragraph 33 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of fact and deems a response necessary, Defendant denies the allegations

34.     Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 34 of the Amended Complaint.

35.     Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 35 of the Amended Complaint as to Plaintiff Goldberger's job title, whether his employment requires travel through Times Square, the number of times Plaintiff Goldberger annually visits Times Square. Defendant denies the remaining allegations set forth in paragraph 35 of the Amended Complaint and respectfully refers the Court to Penal Law § 265.01 e(2)(t) for its full text and true meaning.

36.     Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 36 of the Amended Complaint.

37.     Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 37 of the Amended Complaint.

38.     Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 38 of the Amended Complaint.

39.     Defendant denies having sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 39 of the Amended Complaint.

### COUNT I (42 U.S.C. § 1983)

40.     This paragraph repeats and realleges the allegations set forth in Paragraphs 1-39 of the Amended Complaint; Defendant responds as stated above to each of those reincorporated paragraphs.

41.     The allegations contained in paragraph 41 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of fact, Defendant denies the allegations.

42.     The allegations contained in paragraph 42 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of fact, Defendant denies the allegations.

43.     The allegations contained in paragraph 43 of the Amended Complaint constitute legal conclusions to which no response is required. If, however, the Court construes the allegations in this paragraph as averments of fact, Defendant denies the allegations and respectfully refers the Court to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), for its full text and true meaning.

## PRAYER FOR RELIEF

The Complaint's Wherefore paragraph constitutes a prayer for relief to which no response is required. To the extent that a response may be required, Defendant admits that Plaintiffs seek the relief numerated in this paragraph but denies that they are entitled to such relief.

## AFFIRMATIVE DEFENSES

Defendant asserts his affirmative defenses as follows:

### First Defense

Plaintiffs fail to state a claim against Defendant upon which relief can be granted.

### Second Defense

Plaintiffs' claims and requests for relief are barred, in whole or in part, for lack of standing.

13

### Third Defense

Defendant has not violated or deprived Plaintiffs of any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

### Fourth Defense

Plaintiffs' claims are barred on the ground that the challenged statutory provisions do not infringe upon Plaintiffs' right to bear arms protected under the Second and Fourteenth Amendments to the United States Constitution.

### Fifth Defense

Plaintiffs' claims are barred on the ground that the challenged statutory provisions are "consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022).

### Sixth Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant's acts or omissions did not proximately cause any of the alleged deprivations, losses, or injuries of which Plaintiffs complain.

### Seventh Defense

Plaintiffs' claims are barred, in whole or in part, by sovereign or Eleventh Amendment immunity.

## Eighth Defense

Defendant asserts that he may have additional defenses which are not presently known to him at this time, but which may be ascertained through discovery. Defendant specifically preserves those and other defenses as they may be ascertained through ongoing discovery.

Dated:   New York, New York
         June 2, 2026

                Alvin L. Bragg, Jr.
                DISTRICT ATTORNEY, New York County,
                  *as Special Assistant Corporation Counsel*
                  *of the City of New York*

                By:     /s/ *xx*
                       Siobhan Underwood
                       Catherine Suvari
                       80 Centre Street
                       New York, NY 10013
                       212.335.3530
                       underwoods@dany.nyc.gov