

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

June 2, 2026

**Via ECF**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:    *Goldberger, et al. v. James, et al.*, 26 Civ. 2325 (NSR)

Dear Judge Román:

This Office represents Defendants New York State Attorney General Letitia James ("Attorney General James") and New York State Police Superintendent Steven G. James ("Superintendent James") (collectively, "State Defendants"), sued in their official capacities in the above-referenced action. State Defendants write, pursuant to the Court's Individual Rules of Practice, to respectfully request a pre-motion conference to discuss the proposed motion to dismiss all claims against them, or alternatively an amended briefing schedule.

Plaintiffs Firearms Policy Coalition, Inc. ("FPC"), Anthony Palma, and Yehuda Goldberger (collectively, "Plaintiffs") claim that New York Penal Law § 265.01-e(2)(t), which bans the possession of firearms, rifles, and shotguns in Times Square ("Times Square Law"), violates the Second and Fourteenth Amendments. (Dkt. No. 33). As such, Plaintiffs seek, in relevant part, a declaratory judgment that the Times Square Law infringes upon Plaintiffs' right to bear arms, as well as injunctive relief restraining enforcement of the Times Square Law. *Id*.

Attorney General James seeks dismissal pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) on the grounds that she is not a proper party, and both State Defendants seek dismissal as neither the FPC nor Messrs. Palma or Goldberger have standing to assert their claims. Additionally, State Defendants seek to stay discovery in this action pursuant to Fed. R. Civ. P. 26(c) pending a decision on their anticipated motion.

## I.    Attorney General James Is Not a Proper Party to This Case

The ability to sue state officers in their official capacities for an ongoing violation of federal law only applies where the state official sued "has some connection with the enforcement of the [allegedly unconstitutional] act." *Ex parte Young*, 209 U.S. 123, 157 (1908). Here, Plaintiffs fail to plead facts showing that Attorney General James has any connection with the Times Square Law sufficient to implicate the *Ex parte Young* exception to Eleventh Amendment state immunity.

In fact, courts in this Circuit have expressly held that the Attorney General is not a proper party to actions challenging other subsections of the sensitive locations law. *See Goldstein v. Hochul*, 680 F. Supp. 3d 370, 385 (S.D.N.Y. 2023) ("the Attorney General's general duty to enforce the laws is not sufficient to make her a proper party in a suit challenging a state statute."). Moreover, Plaintiffs' reliance on New York Executive Law § 63 in their Amended Complaint is of no moment as Attorney General James does not have a particular duty to enforce the Times Square Law, nor have Plaintiffs alleged that Attorney General James has enforced or intends to enforce the challenged statute. *See e.g., id.,* at 385; *HealthNow New York, Inc. v. New York*, 739 F. Supp. 2d 286, 295 (W.D.N.Y. 2010), *aff'd*, 448 F. App'x 79 (2d Cir. 2011); *Chrysafis v. James*, 534 F. Supp. 3d 272 (E.D.N.Y. 2021). Accordingly, Attorney General James is shielded by Eleventh Amendment immunity and the claims against her should be dismissed.

## II.    Plaintiffs Lack Standing to Sue

Standing is "the threshold question in every federal case." *Warth v. Sedin*, 422 U.S. 490, 498 (1975). In order to have standing in federal court, a plaintiff must show (1) injury in fact, which is a "concrete and particularized" harm to a "legally protected interest"; (2) causation in the form of a "fairly traceable" connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy causation for standing purposes, the plaintiff must "establish that the plaintiff's injury likely was caused or likely will be caused by the defendant's conduct." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 382 (2024).

### A.  FPC Lacks Standing

FPC claims that its inclusion as a named plaintiff serves to protect interests "germane to the organization's purposes, and, therefore, FPC sues on behalf of its members, including Plaintiffs Goldberger and Palma herein." (Dkt. No. 33, ¶ 10). However, it is well settled in this Circuit that "an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983, as [this Circuit] has interpret[ed] the rights [§ 1983] secures to be personal to those purportedly injured." *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) (internal quotations omitted). In *Nnebe*, the Court emphasized its decision in *League of Women Voters of Nassau Cnty. v. Nassau Cnty. Bd. of Sup'rs*, 737 F.2d 155 (2d Cir. 1984), wherein it held that "[t]his Circuit has restricted organizational standing under § 1983 by interpreting the rights it secures to be personal to those purportedly injured." *See Nnebe*, 644 F.3d at 156. Since then, the Southern District has repeatedly affirmed the rule articulated in *Nnebe*. *See Rodriguez v. Winski*, 444 F. Supp. 3d 488, 497 (S.D.N.Y. 2020); *Hulinsky v. Cnty. of Westchester*, 670 F. Supp. 3d 100, 110 (S.D.N.Y. 2023), *aff'd sub nom. 40 Days for Life v. Cnty. of Westchester*, No. 23-804-CV, 2024 WL 2813930 (2d Cir. June 3, 2024).

Although FPC acknowledges this decision, it claims that it is "erroneous, particularly in light of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023).'" (Dkt. No. 1, ¶ 10). However, both the Circuit and district courts in this circuit continue to apply Circuit precedent on 1983 standing even after *Students for Fair Admissions, Inc.. See, e.g., A.H. by E.H. v. New York State Dep't of Health*, 147 F.4th 270, 278 (2d Cir. 2025), *cert. denied sub nom. Disability Rts. NY v. NY State Dep't of Health*, 224 L. Ed. 2d 176 (Mar. 9, 2026)

("[i]t is the law of this Circuit that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983."); *Massapequa Union Free Sch. Dist. v. New York State Bd. of Regents*, 809 F. Supp. 3d 33, 79 (E.D.N.Y. 2025) ("[I]t is the law of this Circuit that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983.'")

Finally, FPC has not cured its lack of representational standing, as found by the Second Circuit in *Antonyuk v. Chiumento*, a similar 42 U.S.C. § 1983 action challenging the constitutionality of, in relevant part, New York's sensitive locations restrictions. 89 F.4th 271, 344 (2d Cir. 2023). In *Antonyuk*, FPC, along with the Second Amendment Foundation, "premised their representational standing solely on the two named Plaintiffs, without adding supporting declarations from other members." *Id*. The Second Circuit held that this was fatal to their representational standing. *Id*.[1] The FPC likewise lacks standing in this action.

## B. Mr. Palma and Mr. Goldberger Lack Standing

While not suffering the same standing infirmities as FPC, Mr. Palma and Mr. Goldberger also lack standing to sue because they fail to link their alleged injuries to any specific action or conduct by the State Defendants. As argued, *supra*, a general duty to enforce the law, by itself, is insufficient for liability to attach. Therefore, Messrs. Palma and Goldberger's alleged injuries are not traceable to the challenged action of the State Defendants. *Lujan*, 504 U.S. 555 at 560-61.

## III.    Discovery Should Be Stayed Pending Resolution of the State Defendants' Motion

Pursuant to Fed. R. Civ. P. 26(c) "a court has discretion to stay discovery for good cause," which can be shown "where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Boelter v. Hearst Commc'ns, Inc.*, No. 15-CV-03934, 2016 WL 361554, *4 (S.D.N.Y. Jan. 28, 2016). Here, State Defendants seek to file a dispositive motion for dismissal based on strong arguments which have been repeatedly affirmed within this Circuit. Thus, "ordering discovery to proceed at this time would result in an excessive burden on" the State Defendants. *Id*. at *5. By contrast, no party to this action will be prejudiced if the matter is stayed during the pendency of the motion.

Prior to the filing of the Amended Complaint, the Court waived the pre-motion conference requirement, granted Attorney General James leave to file a motion to dismiss, and stayed discovery pending resolution of Attorney General James' anticipated motion to dismiss. (Dkt. Nos.

---

[1] *Antonyuk v. Chiumento* consisted of four separate cases decided in tandem. One of these cases was appealed from *Hardaway v. Nigrelli*, 639 F. Supp. 3d 422, n. 4 (W.D.N.Y. 2022), through which the Second Circuit affirmed FPC's lack of representational standing. Only *Antonyuk*, which did not involve FPC, appealed the Second Circuit's decision. The Supreme Court granted certiorari and vacated judgment in light of its ruling in *United States v. Rahimi*, 602 U.S. 680 (2024). *Rahimi* did not address the issue of representational standing. *See Rahimi*, 602 U.S. 680. Moreover, upon remand, the issues before the Second Circuit concerned neither FPC nor representational standing. *See Antonyuk v. James*, 120 F.4th 941 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 1900, 221 L. Ed. 2d 646 (2025). In short, the Second Circuit's holding regarding FPC's standing in *Hardaway* was not disturbed by *Antonyuk's* subsequent procedural history and remains good law.

Hon. Nelson S. Román                                                              Page 4 of 4
June 2, 2026

31, 32). State Defendants ask that the Court do the same for this motion to dismiss the Amended
Complaint, and respectfully request the following briefing schedule:

> State Defendants' motion papers served by August 3, 2026;
> Plaintiffs' opposition papers served by September 4, 2026;
> Defendants' reply papers served and all papers filed on September 18, 2026.

> I thank the Court for its attention to this matter.

                                            Respectfully,

                                            */s/ Daniel Luedtke*
                                            Daniel Luedtke
                                            Assistant Attorney General
                                            (212) 416-8213
                                            daniel.luedtke@ag.ny.gov

cc:      All Counsel of Record (via ECF)