**Office of the New York State Attorney General**

**Letitia James Attorney General**

September 17, 2026

**Via ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Goldberger, et al. v. James, et al.*, 26 Civ. 2325 (NSR)

Dear Judge Román:

I am an Assistant Attorney General in the Office of the New York State Attorney General ("OAG"), which represents New York State Attorney General Letitia James and Steven G. James, Superintendent of the New York State Police (collectively, "State Defendants") in the above-referenced action. I write to respectfully request that the time for State Defendants to serve their Reply Memorandum of Law and for all parties to file their respective papers be extended by three weeks, until October 9, 2026. State Defendants requested Plaintiffs' consent to the extension, but Plaintiffs only consented to a one-week extension.

By way of background, on June 2, 2026, State Defendants filed a Letter Motion for a conference in anticipation of their Motion to Dismiss. (Dkt. No. 45). Defendants sought to file a motion to dismiss all claims against Attorney General James as she is not a proper party, and to separately dismiss Firearms Policy Coalition ("FPC") and Plaintiffs Anthony Palma and Yehuda Goldberger's claims due to a lack of standing. (*Id*.). Plaintiffs responded to the Letter Motion on June 11, 2026. (Dkt. No. 47). That same day, the Court entered an Order waiving the Pre-Motion Conference and set a briefing schedule directing State Defendants to serve their initial moving papers by August 3, 2026, Plaintiff to serve any opposition papers by September 4, 2026, and State Defendants to serve any reply papers by September 18, 2026. (Dkt. No. 48). The parties were further directed to file all motion documents on the reply date. (*Id*.).

Though they have not yet been filed on the docket, State Defendants argue in their Memorandum of Law that FPC lacks standing to file suit on behalf of its members under 42 U.S.C. § 1983, supported by the Second Circuit's uninterrupted line of cases, including *Aguayo v. Richardson*, 473 F.2d 1090 (2d Cir. 1973). On September 17, 2026, at 11:16 a.m., Plaintiff's counsel sent me the Second Circuit's decision in the matter of *Defending Educ. v. Croton-Harmon Union Free Sch. Dist.*, which was issued on September 15, 2026 but has not yet been published.

Upon initial review of the decision, it appears that the Second Circuit overruled its holding in *Aguayo* and its progeny, that associations lack standing pursuant to 42 U.S.C. § 1983.

In light of this late development, State Defendants need the opportunity to evaluate *Defending Education* and determine how this impacts State Defendants' arguments as it pertains to FPC's standing in the instant action. Associational standing is a nuanced issue with an extensive precedential history within the Second Circuit. State Defendants will be required to carefully examine this history in the context of *Defending Education* to better understand the scope of the decision and its applicability to the arguments contained in State Defendants' Motion to Dismiss. As such, State Defendants reasonably believe the additional three weeks requested herein will be required to sufficiently research this issue and potentially adjust their position accordingly.

This is the first request for an extension of time to serve State Defendants' Reply Memorandum and for all parties to file the bundled papers. There are no other scheduled deadlines in this matter with which this extension would interfere and Plaintiffs will not be prejudiced by said extension. I thank the Court for its attention to this matter.

Respectfully,

*/s/ Daniel Luedtke*

Daniel Luedtke
Assistant Attorney General
(212) 416-8213
daniel.luedtke@ag.ny.gov